## ZAKRASEK v. STATE OF INDIANA.

[No. 25,020.   Filed February 16, 1926.]

1. CRIMINAL LAW.—*All persons are charged with knowledge of the laws defining crimes.*—All persons are charged with knowledge of the criminal laws which define crimes.   p. 250.

2. INTOXICATING LIQUORS.—*Ignorance of accused of prohibition law of 1925, making it criminal offense to possess intoxicating liquor, held no defense to charge of violating law.*—The fact that a person accused of violating the prohibition law of 1925 by having possession of intoxicating liquor knew that possession of such liquor was not a criminal offense under the law of 1917 and the amendment thereof in 1923, and did not know that the law of 1925 (Acts 1925 p. 144, §4, §2717 Burns 1926), which made it a criminal offense, had been enacted, was no defense.   p. 250.

From Elkhart Superior Court; *William B. Hile,* Judge.

Lorenz Zakrasek was convicted of having possession of intoxicating liquor in violation of the prohibition law of 1925, and he appeals. *Affirmed.*

*Claude A. Lee,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was tried and found guilty by a jury, as charged in count one of an affidavit of two counts. Count one charged that he did unlawfully purchase, receive, manufacture, transport, ship, possess, sell, barter, exchange, give away, furnish, and otherwise handle and dispose of intoxicating liquor. He appeals from the judgment upon the verdict and assigns as error, the overruling of his motion for a new trial by the trial court.

The only legal cause alleged for a new trial, is that the verdict of the jury is contrary to law. §2325 Burns 1926, Acts 1905 p. 584, §282.

Appellant admits by his brief that, on May 12, 1925, the date alleged in the affidavit as the time of the offense charged, he was in possession of thirty gallons of wine. The contention of appellant is that by §4, ch. 48, Acts 1925 p. 144, §2717 Burns 1926, the legislature did not intend to make mere possession of intoxicating liquor a crime, and if that was the intention of the legislature when it passed the act of 1925, some time should have been set within which persons then in possession of intoxicating liquor could have destroyed the same before they would be guilty of violation of the law.

In support of this contention, appellant says that under the prohibition laws passed in 1917 and in 1923, as interpreted by the courts, it was not a crime to possess intoxicating liquor. Knowing such judicial interpretation, and not actually knowing the existence of the act passed in March, 1925, which became a law by proclamation of the Governor April 25, 1925, when he was thus charged with this al-

leged crime May 12, 1925, the verdict of guilty is contrary to law. Appellant's proposition and the reason for it are without merit. All persons are charged with knowledge of the criminal laws which define crimes, and the fact, if it be a fact, that until the day he was charged with this crime, he was ignorant that the act which created the crime had been passed by the legislature and had become a law, is of no avail to excuse him for the crime charged. *Winehart* v. *State* (1854), 6 Ind. 30; 16 C. J. 84. The verdict is not contrary to law. Judgment affirmed.